UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DONALD RAY HALL,                                                              Plaintiff,

v.                                                      Civil Action No. 3:18-cv-P492-DJH

ART TURNER *et al.*,                                                          Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Donald Ray Hall filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some of Plaintiff's claims and allow other claims to proceed for further development.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is a convicted inmate at the Western Kentucky Correctional Complex. His complaint arises out of his previous incarceration at the Kentucky State Reformatory (KSR). He names the following Defendants: Art Turner, whom he identifies as a chaplain at KSR; Philip Campbell, identified as an "Administration Section Supervisor"; Aaron Smith, the KSR Warden; James Erwin, a Commissioner of the Kentucky Department of Corrections; and Governor Matt Bevin.[1] Plaintiff sues each Defendant in his official and individual capacities.

Plaintiff, identifying himself as a "Monsaic Jew," states that he is bringing his claims under the First Amendment to the United States Constitution and Sections 1 and 2 of the Kentucky Constitution. He asserts that he "was denied his religious right to participate with other inmate of the jewish faith in the Passover Meals and Seder Services at [KSR] on April 10th

---

[1] Plaintiff actually sues Matt "Bevins." However, the Court takes judicial notice that the Kentucky governor's last name is Bevin.

thru April 18th of 2017." Plaintiff maintains that on January 17, 2017, while he was participating in the Kosher Diet Participation Agreement (KDPA) program, he signed up to take part in Passover meals and Seder services. He asserts that in March, prior to Passover beginning on April 10, 2017, he missed more than two meals without an approved excuse in a one-week period, which he states caused him to be removed from the KDPA program. Consequently, he states he was not permitted to participate in Passover meals or Seder services. He states that the requirement that inmates sign the "Passover Meals Agreement" is an "unconstitutional requirement."

Plaintiff asserts, "Notice that [Plaintiff] was removed from the KDPA did not inform [him] that his name was removed from the [Passover meals and Seder services list] which denied him an opportunity to challenge his removal in a timely manner that would have caused the Defendants to place his name back on the . . . list." Plaintiff states that he did not learn that his name had been removed from the list until the day Passover began when he attempted to pick up his Passover meal. Plaintiff states that when he was told that his name was not on the list, he went to the institution's chapel and spoke with Chaplain Turner. He states that Turner told him that his name was removed from the list because he had two violations of the KDPA in a one-year period. He states, "Turner did not inform [Plaintiff] that it was Philip Campbell, Admin. Sect. Supv. who removed his name from the [Passover meals and Seder services] list."

Plaintiff details the many efforts he undertook to file grievances and appeals concerning the issue.

Plaintiff states that "Defendants had no constitutional right to create a rule or regulation or contract/agreement requiring an inmate to sign to participate in a religious service and that they had no right to remove[] [Plaintiff] from the [Passover meals and Seder services list]

2

because he was removed from the KDPA program." Plaintiff also states that Defendants misinterpreted the agreements and that the Passover meals and Seder services agreement is ambiguous. He asserts, "The contract (which is unconstitutional) inmates are force to sign for the [Passover meals and Seder services list] is used to intimidate inmates and furthermore it clearly states that if an inmate violates the KDPA during Passover that he will be removed from the Passover Meals program." Plaintiff maintains that he was not participating in the KDPA when Passover began and that Defendants therefore had no right to deny his right to participate in Passover meals and Seder services.

Plaintiff further states that his claims against Warden Smith and Commissioner Erwin should not be dismissed because they "are aware of the unconstitutional violation and the unconstitutional contract and practices of their subordinates through notice of those acts via the appeals to the grievances that was submitted to them, wherein, they failed to take any action to stop the unconstitutional use of the practices stated above." He further states his claims against Governor Bevin should also not be dismissed "on the grounds that he is responsible for the action of his subordinates."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of an order to "cease requiring inmates to sign KDPA and Passover agreement."[2]

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[2] To the extent Plaintiff also seeks temporary injunctive relief, he has not filed a separate motion seeking such relief. The Court does not construe the complaint as a motion for temporary injunctive relief.

3

immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekaran v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. Official-capacity claims

Plaintiff sues all Defendants in their official capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Defendants are all state employees or officials. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claims against Defendants for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

#### B. Individual-capacity claims

##### 1. Smith, Erwin, and Bevin

Plaintiff states that Smith and Erwin should be held liable based on their handling and failure to act on his grievances and that Smith, Erwin, and Bevin should be held liable based on the constitutional violations of their subordinates.

5

There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his or her grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation.").

Therefore, Plaintiff's claims against Smith and Erwin based on the handling and/or failure to act on his grievances must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, to the extent Plaintiff seeks to hold Smith, Erwin, or Bevin liable based on the actions of their subordinates, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New*

*York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d at 300 (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

The complaint fails to demonstrate that Smith, Erwin, or Bevin encouraged any specific incidents or implicitly authorized, approved, or knowingly acquiesced in any unconstitutional conduct. Accordingly, the claims against them in their individual capacities will be dismissed for failure to state a claim upon which relief may be granted.

## 2. Turner and Campbell

The Court construes Plaintiff's claims based on the denial of his right to religious exercise as First Amendment claims brought under 42 U.S.C. § 1983 and as claims brought under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Construing the complaint broadly, the Court will allow these claims to proceed for further development against Turner and Campbell in their individual capacities for all relief and in their official capacities for injunctive relief only. In so doing, the Court passes no judgment on the claims' merit or ultimate outcome.

7

Plaintiff also alleges violations of Sections 1 and 2 of the Kentucky Constitution. However, Kentucky law does not recognize a private cause of action under the Kentucky Constitution. *Jackson v. Murray State Univ.*, 834 F. Supp. 2d 609, 615 (W.D. Ky. 2011) (citing *Welch v. Gill*, No. 5:03CV-73-R, 2006 U.S. Dist. LEXIS 14052, at *4 (W.D. Ky. Mar. 28, 2006) (no private cause of action under Section 1 of Kentucky Constitution); *Tallman v. Elizabethtown Police Dep't*, 344 F. Supp. 2d 992, 997 (W.D. Ky. 2004) (no private right of action under the Section 1 or 2); *Baker v. Campbell Cty. Bd. of Educ.*, 180 S.W.3d 479, 482-84 (Ky. Ct. App. 2005) (no private right of action under Section 1). To the extent that Plaintiff may be able to seek injunctive relief under Section 1, such relief can be awarded through Plaintiff's First Amendment and RLUIPA claims, and the Section 1 claims will therefore be dismissed.

With regard to Plaintiff's due process claim under Section 2 of the Kentucky Constitution, the Supreme Court has directed, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994). Therefore, Plaintiff's due process claim fails because it is duplicative of Plaintiff's First Amendment claim. *See Brandenburg v. Hous. Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001) (holding that "[a]ny claim for a violation of Brandenburg's substantive due process right to free speech is duplicative of her First Amendment retaliation claim.").

Accordingly, Plaintiff's claims under Section 1 and 2 of the Kentucky Constitution will be dismissed for failure to state a claim upon which relief may be granted.

## IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that all official-capacity claims for monetary damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and/or for seeking relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity claims against Smith, Erwin, and Bevin and his claims under Sections 1 and 2 of the Kentucky Constitution are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED to terminate** Smith, Erwin, and Bevin as Defendants to this action.

The Court will enter a separate Order Regarding Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date: January 16, 2019

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4415.010